COMMONWEALTH *vs.* JAMES E. FLOWERS
(and a companion case between the same parties).

Hampden. February 2, 1970. — February 27, 1970.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Jury and Jurors. Practice, Criminal,* Capital case.

No error under *Witherspoon* v. *Illinois,* 391 U. S. 510, appeared at the trial of an indictment for first degree murder in excusing from service on the jury certain veniremen whose answers to questions by the judge indicated "general objections to the death penalty or . . . conscientious or religious scruples against its infliction" which would have prevented them from rendering a just verdict or finding the defendant guilty.

Two INDICTMENTS found and returned in the Superior Court on August 22, 1967.

The cases were tried before *Macaulay,* J.

*Edward L. Donnellan* for the defendant.

*Matthew J. Ryan, Jr.,* District Attorney, for the Commonwealth.

REARDON, J. The defendant was convicted of murder in the first degree and armed robbery of James A. Bryce in

Springfield.  He was sentenced to death on the first degree
murder charge and was also given a sentence on the charge
of armed robbery.  The trial was subject to the provisions of
G. L. c. 278, §§ 33A–33G.  Bryce, a sixty-seven year old
man, worked part time at the Summit Package Store and
was the victim of a holdup in the late evening of July 13,
1967, at a time when he was alone in the store.  The defen-
dant was one of several participants in the crimes which led
to Bryce's death by gunshot.

The defendant, whose brief was prepared and filed prior
to our decision in *Ladetto* v. *Commonwealth,* 356 Mass. 541,
has argued thirteen assignments of error based on *Wither-
spoon* v. *Illinois,* 391 U. S. 510.  They all have to do with the
exclusion from the jury of certain veniremen "because they
voiced general objections to the death penalty or expressed
conscientious or religious scruples against its infliction."
The Illinois statute, which was challenged in the *Witherspoon*
case, was discussed in comparison with G. L. c. 278, § 3, in
the 1969 *Ladetto* case, and the differences between the two
statutes were noted.  In the light of that discussion we see
no error in excusing the prospective jurors referred to in the
defendant's assignments.  Examination of the responses
given by them on voir dire indicates, as the Commonwealth
contends, that their views would prevent them from render-
ing a just verdict, or finding the defendant guilty.  In
certain instances their answers were not clearly responsive
to the inquiry by the trial judge.

Consonant with the duty imposed upon us by G. L. c. 278,
§ 33E, we have considered the whole case on the law and the
evidence.  The conduct of the trial was exemplary.  We are
of opinion that justice does not require a new trial.

*Judgments affirmed.*